GERTRUDE E. BROWN *vs.* CHARLES M. HOAG.

July 7, 1886.

**Statute of Frauds—Part-Performance—Estoppel.**—The underlying principle upon which courts enforce oral agreements within the statute of frauds, on the ground of "part-performance," is that when one of the parties has been induced to alter his situation, on the faith of the oral agreement, to such an extent that a refusal to enforce it would result, not merely in the denial of the rights which the agreement was intended to confer, but in the infliction of "an unjust and unconscientious injury and loss" upon him, the other party will be held estopped, by force of his acts, from setting up the statute.

**Same—Acts in Reliance on Oral Agreement.**—The acts constituting "part-performance" must have been done in reliance upon and in pursuance of the oral agreement, and be related to and connected with it, but are not confined to doing what the contract stipulates; that is, "part-performance," strictly so called.

**Same—Who may rely on Acts of Part-Performance.**—The acts must have been done by and to the prejudice of the party seeking to assert or enforce the contract, or *those under whom he claims title;* but any act which the party to the contract might have asserted and relied on as part-performance may be asserted and relied on by those claiming under him.

Appeal by defendant from an order of the district court for Hennepin county, *Koon,* J., presiding, refusing a new trial.

*Parker & Day* and *Hart & Brewer,* for appellant.

*J. M. Dunn,* for respondent.

MITCHELL, J. Action of ejectment. Both parties claim title through Anna Hoag. The paper title of plaintiff consisted of (1) a warranty deed from Anna Hoag to Fred. Hoag, dated October 30, 1883, and recorded November 7, 1883; (2) a warranty deed from Fred. Hoag to plaintiff, dated January 3, 1884, and recorded January 7, 1884. The paper title of defendant consisted of (1) a contract to sell and convey (Exhibit A) from Anna Hoag to defendant, dated November 20, 1881, but never recorded; (2) a warranty deed from Anna Hoag to defendant, dated May 31, 1883, recorded April 17, 1884. All these conveyances, and this contract to convey, include, in addition

to the 160 acres in controversy in this action, also the S. E. ¼ of section 18, same town and range.

The defendant introduced evidence tending to prove that he went into possession of the premises under this contract (Exhibit A) immediately on its execution, and had fully performed its terms, and had remained in possession under that contract and under his deed, up to the date of the trial of this action; and also tending to prove that both plaintiff and her grantor, Fred. Hoag, when they took their respective deeds, had notice of the rights of defendant. On the other hand, plaintiff introduced evidence tending to rebut this, and tending to prove that Fred. Hoag was in possession of the premises under his deed from the date thereof until the date of conveyance from him to plaintiff; and also tending to prove that the deed from Anna Hoag to defendant, although bearing date May 31, 1883, was not in fact delivered until March, 1884.

The plaintiff then offered to prove by the testimony of Fred. Hoag the following facts: "That on or about the 17th day of November, 1883, said Fred. Hoag had negotiated a sale of that portion of the real estate described in his deed from Anna Hoag, not in controversy herein, to one Fisher; that being prevented from consummating said sale by reason of a written notice served by the defendant on said Fisher, asserting his ownership of said property *under his said written contract with Anna Hoag,* an interview was had between said Fred. Hoag, the defendant Charles M. Hoag, and Anna Hoag, (who was their mother,) at which it was expressly agreed by parol, and not otherwise, that Anna Hoag, the mother, should make to the wife of Charles M. Hoag a quitclaim deed of certain real estate, upon which said Anna Hoag held a tax title, and should also execute to the wife of Charles M. Hoag a bill of sale of certain personal property and livestock; and that, in consideration of said quitclaim deed and bill of sale, said Charles M. Hoag did then and there verbally agree to relinquish all his claims to the property described in the deed from Anna Hoag to Fred. Hoag, and give up all claim to said property, and to permit said Fred. Hoag to carry out said sale to said Fisher; that thereupon said Anna Hoag did, in pursuance of said agreement, execute the quitclaim deed and bill of sale aforesaid to the wife of said

Charles M. Hoag, (which bill of sale and deed were introduced in evidence,) and said Fred. Hoag did carry out and consummate the sale to said Fisher, and, with the proceeds thereof, did pay off certain mortgages then existing upon said land sold to said Fisher, and also upon the premises in question, and did thereafter sell and convey the premises in question to the plaintiff herein." To this evidence the defendant objected upon the ground that it was incompetent; "that such an arrangement could not be proved by parol, because void under the statute of frauds,"—which objection the court overruled, and the evidence was admitted under defendant's exception. The plaintiff also offered evidence tending to show that, at the time this arrangement was made, on November 17th, Fred. Hoag had no notice that defendant claimed to have a deed of the land. The defendant also requested the court to charge the jury that this arrangement and contract of November 17th, if made as claimed, would be void under the statute of frauds, and would not constitute an estoppel, which request the court refused, and instructed the jury, in substance, that, if made and acted on as indicated in the evidence, the defendant could not be permitted to assert title in opposition to that agreement; to which ruling defendant also excepted.

These exceptions, and the assignment of error based upon them, all present but a single question, viz., whether the facts which the evidence tended to prove would constitute such a "part-performance" of the verbal agreement as would take the case out of the statute of frauds. We would here remark that, from the language used, it is evident that the evidence admitted, and the charge of the court with regard to it, had reference to a claim by defendant to the premises under the contract, (Exhibit A.)

It may be well, at this point, to correct what we deem misapprehensions on part of appellant as to the meaning and application of certain familiar rules governing this subject of part-performance. He invokes the rule that acts relied on as part-performance must be referable to and done in pursuance of the contract, and seems to assume that this includes only acts which were *stipulated* to be done in the contract itself, and as a part thereof. We do not understand this to be the law. While the phrase "part-performance" is commonly used as a

short and convenient statement of the general ground upon which verbal agreements regarding real estate are enforced, yet the whole doctrine rests upon the principle of fraud, and proceeds upon the idea that the party has so changed his situation, on the faith of the oral agreement, that it would be a fraud upon him to permit the other party to defeat the agreement by setting up the statute. Hence the term "part-performance" falls far short of expressing the whole doctrine and theory of courts of equity in this matter. The change of situation necessary to create this equitable estoppel, must, of course, have been made in reliance upon, and in pursuance of, the oral agreement, and so connected with the performance of the contract that, from the nature of the case, the defendant should understand it was done in reliance upon his agreement. The acts done must be related to and connected with the contract, and the defendant's performance of it. The plaintiff must show that, in reliance on the contract, he has proceeded, either in *performance* or *pursuance* of it, to so far alter his position as to incur "an unjust and unconscientious injury and loss" in case the defendant is permitted to rely upon the statutory defence. But this change of situation is not confined to doing what the contract *stipulated,* that is, "part-performance," strictly so called. Browne, St. Frauds, §§ 457, 458.

Again, the appellant invokes the rule that the act must have been done by, and to the prejudice of, *the party seeking to assert or enforce the contract,* and assumes that plaintiff in this action can only assert acts done by herself personally, and cannot avail herself of those done by Fred. Hoag and Anna Hoag, under whom she claims title. This is clearly error. All that is meant by the rule invoked is that a person cannot avail himself of acts done by, and to the prejudice of, the other party to the contract. But any act which the party to the contract might have asserted and relied on may be asserted and relied on by those claiming under him. Plaintiff, being in privity of estate with and claiming under Fred. Hoag and Anna Hoag, can avail herself of any act which has been done by them, or either of them, in performance or pursuance of the agreement. Browne, St. Frauds, § 453; *Buckmaster* v. *Harrop,* 7 Ves. 341. The agreement was tripartite, to which Anna Hoag was a party, her acts being done for the

benefit and protection of the title which she had assumed to convey, with covenants to Fred. Hoag, plaintiff's immediate grantor.

With these principles in mind, we next turn to see what, according to the evidence, has been done in reliance upon, and in pursuance of, the oral agreement, by and to the prejudice of plaintiff, or those under whom she claims title. And, first, Anna Hoag has transferred to defendant's wife, at his instance, another tract of land, and a large quantity of personal property, which, or its proceeds, she still retains. This was not conveyed or transferred for a money consideration, and it is evident that the value was not intended to be measured by any fixed pecuniary standard. Nor does it appear that Anna Hoag would have parted with this property for a mere moneyed consideration. The sole purpose was to settle the controversy between her sons, protect the title she had assumed to convey to Fred. Hoag, and enable him to sell one of the tracts in order to raise money to pay off the incumbrances on both. If defendant be allowed to assert title to these tracts of land against his agreement, then the estate of Anna Hoag would be liable on her covenants. An action at law for the value of the property conveyed to defendant's wife would not presumably, under the circumstances, afford her estate adequate relief.

Again, Fred. Hoag, in reliance on and in pursuance of the agreement, and to accomplish one of the very purposes for which it was entered into, has sold and conveyed, with covenants of warranty, one of these tracts, (to say nothing of the sale of the other to plaintiff,) and with the proceeds paid off the incumbrances on both. If defendant be now allowed to assert title to the land, then Fred. Hoag will be liable on his covenants, and his only remedy would be against the estate of Anna Hoag, on her covenants. As already remarked, the doctrine of part-performance rests on the ground of fraud. The underlying principle is that where one of the contracting parties has been induced or allowed to alter his situation on the faith of an oral agreement within the statute, to such an extent that it would be a fraud on part of the other party to set up its invalidity, equity will make the case an exception to the statute. After a party has been induced to make expenditures, or a change of situation, in re-

gard to the subject-matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby to be acquired, so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss, in such a case, the party is held, by force of his acts, or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute. *Glass* v. *Hulbert,* 102 Mass. 24; Browne, St. Frauds, § 457*a*.

Of course, the right of a party to relief on this ground is subject to the same general restrictions as that of any other plaintiff in equity. It must appear that his position is such that an action at law for damages will not afford him adequate relief. Beyond the announcement of this general principle, the courts have never assumed or attempted to lay down any general rule as to what would or would not constitute "part-performance," but have rather contented themselves with applying this principle to the facts of each case, by which, under a gradual process of inclusion and exclusion, it has been determined that certain states of facts will operate as an equitable estoppel, and that certain others will not.

Applying this general principle to the facts of the present case, we are of opinion that the plaintiff, and those under whom she claims title, have so far, and to such an extent, changed their situation, in reliance upon and pursuance of the oral agreement, that to allow the defendant now to set up its invalidity would inflict upon them an "unjust and unconscientious injury and loss," for which an action for damages would furnish no adequate relief.

Order affirmed.