GEORGE O. JORGENSON v. TILDA JORGENSON and Others.[1]

November 26, 1900.

Nos. 12,344—(152).

### Specific Performance—Part Performance—Statute of Frauds.

Specific performance of a partly-performed verbal contract for the sale of land void under the statute of frauds should be enforced in all cases where the refusal of that relief would, because of the part performance, result in substantial injustice to or fraud upon the party so partly performing.

### Same.

Where the parties to such a contract cannot be restored to the situation and condition they were in before part performance, and substantial injustice will result from a failure of performance, equity will compel the parties to carry out their contract.

Action in the district court for Watonwan county for specific performance of a contract for sale of land. The case was tried before Cadwell, J., who found that plaintiff was entitled to the relief demanded as against all defendants except Tilda Jorgenson. From an order denying a motion for a new trial, defendants except Tilda Jorgenson appealed. Affirmed.

*Seager & Lobben,* for appellants.

*W. S. Hammond,* for respondent.

BROWN, J.

This action is one to compel the specific performance of a verbal contract for the sale of land. Judgment was ordered for plaintiff in

[1] Reported in 84 N. W. 221.

the court below, after trial before the court without a jury, and defendants appeal from an order denying a new trial.

Several errors are assigned in this court, but they all go to the question whether the evidence is sufficient to sustain the findings. A number of exceptions were taken to rulings made during the trial, but they are not assigned as errors. So we have only to determine whether the evidence is sufficient to sustain the findings.

The court below found the facts substantially as follows: In 1885, one K. O. Jorgenson, now deceased, was the owner in fee of the land in question, and at that time entered into a verbal contract or agreement with plaintiff, who was his brother, to sell and convey the same to plaintiff for the consideration of $500, to be paid in annual instalments thereafter. Under and pursuant to the contract, and in reliance thereon, plaintiff entered into the possession of the land, and has at all times since held and retained it; that is, he has held and retained such possession as was incident and necessary to the cultivation of the land. At the time the contract was entered into, the land was uncultivated and unimproved prairie land, and plaintiff has since then broken up, cultivated, and improved it, raising annual crops of grain thereon. He seeded down sixteen acres thereof to tame hay, otherwise improved the land for agricultural purposes, and paid all taxes levied and assessed against it since the contract was made.

Said K. O. Jorgenson died in 1899, without having conveyed the land to plaintiff, though the full purchase price had been paid to him prior to his death. Defendant Tilda Jorgenson, widow of deceased, was not a party to the contract, and no judgment was ordered against her, but against the other defendants, surviving children of deceased only. The purchase price of the land was paid at different times subsequent to 1885, the greater part having been paid more than six years ago. There are no buildings on the land, nor is it fenced. Defendants claim in defense: (1) That the evidence fails to show that a contract of sale was in fact ever made; (2) that it fails to show a payment of the purchase price, conceding the contract to have been made; and (3) that there has been no sufficient part performance to take the case without the statute of frauds.

We have carefully examined and considered the evidence presented

in the record. It is not wholly satisfactory. It rarely is in such cases. K. O. Jorgenson being dead, plaintiff was in a great measure hampered in proving the contract by the statute prohibiting persons interested in the event of an action giving in evidence admissions of or conversations with a deceased person. Yet, though not perfectly clear or free from possible doubt, we think the evidence fairly and reasonably tends to support the findings of the trial court. At least, it is not so clearly and palpably against the findings as to justify this court in setting them aside. The suggestion of counsel relative to interest on the purchase price of the land is disposed of by the finding that the sum of $500, paid by plaintiff, was in full payment for the land.

The most serious question in the case is whether the evidence shows a part performance sufficient to avoid the statute of frauds. Our conclusion is that it does. The rule that part performance of a verbal contract for the sale of land takes it out of the operation of the statute of frauds is founded on the equitable doctrine of estoppel, and is applied in all cases where the part performance shown is of such a nature and character that to permit the vendor to take advantage of the statute would work a fraud upon, or substantial injury to, the purchaser. In such cases the vendor will not be heard to insist upon the statute (Brown v. Hoag, 35 Minn. 373, 29 N. W. 135); and when the part performance is of such a nature that the parties cannot be restored to their former condition and situation, and substantial injustice or fraud will result from failure of performance, equity will compel the parties to carry out their contract. The general rule is followed and applied in Atkins v. Little, 17 Minn. 320 (342); Place v. Johnson, 20 Minn. 198 (219); Williams v. Stewart, 25 Minn. 516; Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146; Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4.

In the light of this principle we have only to inquire whether the refusal of the relief prayed for in this case would result in injustice or substantial injury and loss to plaintiff. That it would there can be no serious question. No doubt the use of the land during the time since the contract was entered into more than compensated plaintiff for all improvements made thereon, and he can claim no particular loss or injury because of such improvements. But, if

the contract be not enforced, he will be damaged and substantially prejudiced to the extent of the purchase price by him paid more than six years ago, and also to the extent of the taxes paid prior to that time. He cannot recover such payments at this time because of the statute of limitations, and, unless the contract be performed, such payments will be a total loss to him, and an unjust gain to the vendor in the contract, or at least to his estate. The plaintiff cannot be restored to his former situation. His loss will be a very substantial one, and the defendants, heirs of the deceased vendor, should not be heard to urge in defense of the action that the contract was within the statute of frauds, and unenforceable. The payments were all made in reliance upon the contract, and the case comes fairly within the authorities cited.

Order affirmed.