JOHN E. VEUM v. MARTIN SHEERAN.[1]

June 30, 1905.

Nos. 14,305—(111).

**Specific Performance:**

In an action wherein it is sought to compel specific performance of a verbal contract for the sale of real estate, it is *held* that the findings of the trial court to the effect (1) that the contract was entered into between the parties, and (2) that there was sufficient part performance to take it out of the statute of frauds, are sustained by the evidence, and (3) that the contract was not void for indefiniteness as to time of performance.

**Conversation With Deceased Person.**

A certain question referred to in the opinion *held* not to call for a conversation, or the result of one, between the witness and a deceased party.

[1] Reported in 104 N. W. 135.

After the decision reported in 88 Minn. 257, defendant demanded a second trial under the statute. After such trial before Cadwell, J., Soneva Houg and Gertrude Veum, widow and daughter respectively of Peter O. Houg and his sole heirs, were made parties defendant. The action having been transferred to the district court for Le Sueur county, judgment therein was entered that defendant Sheeran was entitled to a conveyance of the land described in the pleadings, upon payment of the sum of $3,955.30 within thirty days thereafter to the plaintiff and the defendant widow and daughter, or in case the widow refused to convey her undivided one-third the defendant Sheeran should be entitled to a conveyance of an undivided two-thirds of the land upon payment of $2,326 and interest within forty-five days to the daughter. On November 25, 1904, an additional judgment was entered purusant to the order of Cadwell, J., which recited a tender to plaintiff and defendants Veum and Houg of the sum of $2,326 and interest and a refusal on their part to convey an undivided two-thirds interest in the land and decreed defendant Sheeran to be the owner of an undivided two-thirds interest therein. From these two judgments plaintiff and defendants Veum and Houg took separate appeals. Affirmed.

*Benjamin Taylor,* for appellants.

*P. McGovern* and *John Moonan,* for respondent.


BROWN, J.

Action in ejectment by the administrator of the estate of Peter O. Houg, in which defendant pleaded in defense that during the lifetime of Houg, who owned the land in controversy, defendant entered into a contract with him for the purchase of the same, of which he demanded specific performance. The nature of the answer changed the form of the action into one in effect to determine the validity of the alleged contract, and whether it should be specifically performed. The trial court found that a verbal contract for the sale of the land was entered into between Houg and defendant, and that there was sufficient part performance of the same to remove it from the statute of frauds. Judgment was ordered for specific performance, from which plaintiff and defendants—Veum and Houg—appealed.

The assignments of error present, in addition to the principal question whether the findings are sustained by the evidence, certain rulings

of the trial court on the admission of evidence. We have considered all such assignments, and find no reversible error.

It appeared from the evidence offered on the trial that, subsequent to the time the contract upon which defendant relies was claimed to have been entered into, defendant paid Houg the sum of $400. It was claimed by him that this payment was made upon the contract of purchase, while plaintiff claimed that the money was paid on account of rent for the use of the land. In reference to this feature of the case, the following question was put to defendant on direct examination:

> At the time you made this payment, February 26, 1896, did you owe Mr. Houg any money except the purchase price of the land?

The question was objected to as calling for the result of a conversation between the witness and a deceased person, and the order of the court overruling it is assigned as error. We do not concur in the contention that this ruling was erroneous. The question did not in fact call for a conversation, nor the result of one, with Houg, but only for a fact, the truth of which defendant was in position to know irrespective of any conversation with the deceased. It was not, therefore, objectionable. Merhoff v. Merhoff, 84 Minn. 263, 87 N. W. 781; Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55; Hall v. Northwestern Endowment Assn., 47 Minn. 85, 49 N. W. 524. The other assignments of error on this branch of the case require no special mention.

The principal question before us is whether the contract relied upon by defendant was in fact entered into between the parties, and, if so, whether there was sufficient part performance to take it out of the statute of frauds. It appears that Houg owned the land in question, and in the year 1887 leased it to defendant under a farm contract. The terms of the contract provided for a division of the crops, and in that manner defendant compensated Houg for the use of the land. The contract also provided that defendant should "have the first chance to buy" the land, if sold during the life of the lease, and that, if he elected not to buy, he should "have fair pay for his labor." At the expiration of the period of tenancy created by this contract, some negotiations were had between the parties, resulting either in the contract of purchase and sale relied upon by defendant, or a new arrange-

ment by which he obligated himself to pay a cash rent for the future use of the land. This appears conclusively, for subsequent to that date no division of the crops was ever made, and either the money paid by defendant at the time of and subsequent to the changed relations was intended to apply upon the purchase price, or to discharge rent due under the new arrangement. The purchase price agreed upon, as claimed by defendant, was $3,200, $500 of which was paid during the lifetime of Houg; the balance, according to the amended answer and findings of the court, was to be paid when Houg delivered to defendant a good and sufficient deed. The contract was entered into, if at all, in the year 1895, and it appears that subsequent to that date defendant has remained continuously in the actual possession of the land, and annually, with one exception, paid the taxes assessed against it. Prior to the time of the alleged contract of sale, defendant made certain improvements upon the land to the value of $400, and subsequently improvements to the value of $65. The evidence is amply sufficient to sustain the finding of the trial court that a contract was in fact entered into between the parties, as claimed by defendant.

While defendant was prevented from giving his version of the transaction by the statute prohibiting a party interested in the result of an action from giving in evidence conversations with a deceased person, there was evidence by other witnesses, disinterested and competent to testify, to whom Houg admitted and stated that he had sold the land to defendant. Some features of the case as disclosed by the testimony tend very strongly to corroborate defendant's contention, and, on the other hand, significant items of evidence tend to support the theory of plaintiff to the effect that no such contract was ever entered into. This condition of the evidence presented an issue of fact for the trial court to determine, and our examination of the record satisfies us that its conclusions should be sustained. The evidence is not so clearly and palpably against the findings as to warrant interference by this court.

The more difficult question, in our view of the case, is whether there was such a part performance of the contract as to obviate the statute of frauds. The question of what constitutes a sufficient part performance in cases of this kind has been before this court and passed upon in numerous cases. The rule guiding the court is well stated in Brown v. Hoag, 35 Minn. 373, 29 N. W. 135, as follows: "It may be well

at this point to correct what we deem misapprehensions on part of appellant as to the meaning and application of certain familiar rules governing this subject of part performance. He invokes the rule that acts relied on as part performance must be referable to and done in pursuance of the contract, and seems to assume that this includes only acts which were stipulated to be done in the contract itself and as a part thereof. We do not understand this to be the law. While the phrase 'part performance' is commonly used as a short and convenient statement of the general ground upon which verbal agreements regarding real estate are enforced, yet the whole doctrine rests upon the principle of fraud, and proceeds upon the idea that the party has so changed his situation on the faith of the oral agreement that it would be a fraud upon him to permit the other party to defeat the agreement by setting up the statute. Hence the term 'part performance' falls far short of expressing the whole doctrine and theory of courts of equity in this matter. The change of situation necessary to create this equitable estoppel must, of course, have been made in reliance upon and in pursuance of the oral agreement, and so connected with the performance of the contract that, from the nature of the case, the defendant should understand it was done in reliance upon his agreement. The acts done must be related to and connected with the contract and the defendant's performance of it. The plaintiff must show that, in reliance on the contract, he has proceeded, either in performance or pursuance of it, to so far alter his position as to incur 'an unjust and unconscientious injury and loss' in case the defendant is permitted to rely upon the statutory defense, but this change of situation is not confined to doing what the contract stipulated; that is, 'part performance,' strictly so called. Browne, St. Fr. §§ 457, 458."

In line with the rule laid down in that case, the court, in Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221, said: "The rule that part performance of a verbal contract for the sale of land takes it out of the operation of the statute of frauds is founded on the equitable doctrine of estoppel, and is applied in all cases where the part performance shown is of such a nature and character that to permit the vendor to take advantage of the statute would work a fraud upon or substantial injury to the purchaser. In such cases the vendor will not be heard to insist upon the statute."

This rule is found running through all the cases involving part performance of contracts of this nature, and is applied, not with a design of defeating the purposes of or abrogating the statute of frauds, but to prevent the consummation of a fraud or injustice. What constitutes part performance must depend upon the particular facts of each case; no general rule can be laid down as a guide in all cases. This court has gone as far, perhaps, as any of the courts in enforcing contracts of this kind, but it has always been in furtherance of justice. There can be no injustice in requiring a party to perform his oral contract, clearly shown to have been entered into, and the statute of frauds is in no manner infringed where sufficient part performance is shown by compelling him to do so. This court has, indeed, been exceedingly liberal on this subject. In Gill v. Newell, 13 Minn. 430 (462), it appeared that the part performance held sufficient to obviate the statute consisted in the payment of part of the purchase price, and breaking one-half the land agreed to be sold. There was in that case no actual or physical change of possession, any more than the vendee was in possession when engaged in breaking the land; otherwise it was vacant and unoccupied. The vendee resided in the city of St. Paul, and the land was located in Dakota county. Nor was there any claim in that case that the vendor was insolvent, or that the vendee could not for any reason recover back the purchase price paid together with the value of the breaking.

The court held the part performance sufficient. In Jorgenson v. Jorgenson, supra, the vendee had paid the purchase price, broke up and cultivated the land, and annually paid the taxes assessed against it. It was held sufficient part performance. The reasons assigned in that case for enforcing the contract are applicable to the case at bar. There, as here, the vendee's right to recover the purchase price, a portion of the taxes paid, and the value of the improvements made by him was barred by the statute of limitations; and it would be unjust and inequitable to permit the heirs of Houg to retain these benefits. Within the rule of these cases, we are satisfied with the findings in this respect. As already stated, defendant paid $500 of the purchase price, and the taxes annually assessed against the land, with the exception of one year; he made permanent improvements upon the land after the contract of purchase had been entered into to the value of $65,

and prior improvements of the value of $400. The court was justified in concluding, and it no doubt did, that these prior improvements were made under the terms of the original farm contract, by which, if he did not purchase the land, it was agreed he should have "fair pay for his labor," and it does not appear that he has ever been paid therefor. On the whole record, we are convinced that the finding should be sustained.

It is further contended by plaintiff that, conceding the contract to have been entered into, it was indefinite and uncertain as to the time of performance, and hence invalid. This objection goes to the time within which the contract was to be performed by payment of the purchase price and delivery of the deed. According to the amended answer and the findings of the court, defendant was by the terms of the contract to pay the balance of the purchase price whenever Houg delivered to him a good and sufficient deed. No deed was ever tendered by Houg, and his failure in this respect is found, perhaps, in the fact that his wife refused to join in the sale; but as the time of payment was not definitely fixed by the contract, the purchase price became due within a reasonable time, and defendant could not be arbitrarily cut off or the contract terminated witnout notice. Tingue v. Patch, 93 Minn. 437, 101 N. W. 729; Bartz v. Paff, 95 Wis. 95, 69 N. W. 297; Lankton v. Stewart, 27 Minn. 346, 7 N. W. 360. But it was within the power of Houg to bring the transaction to a close at any time by tendering the deed, which was not done; and he could not, and neither can plaintiff, his representative, be heard to insist upon this indefiniteness in the terms of the contract as a justification for the refusal to perform the same.

The other assignments of error made in appellant's brief do not require extended mention. The findings of fact are all sustained by the evidence; the right to specific performance is not barred by the statute of limitations, and the court did not err in permitting defendant to amend his answer.

Judgment affirmed.