# STEPHEN JANOCHOSKY and Others v. EMIL KURR and Another.[1]

February 14, 1913.

Nos. 17,854—(188).

**Finding sustained by evidence.**

Findings to the effect that plaintiffs, who possessed the right to redeem from a foreclosure sale, refrained from so doing in reliance on an oral agreement of the one who had procured the sheriff's certificate that he would, after the time for redemption expired, transfer to them their respective interests, upon being paid their pro rata share, *held* sustained by the evidence.

**Statute of frauds — part performance.**

*Held,* following Williams v. Stewart, 25 Minn. 516, that where a person holding a valuable right refrains from exercising the same, in reliance upon an oral agreement of another to convey, until such right expires, it constitutes sufficient part performance to take the agreement out of the statute of frauds.

**Specific performance — party.**

The widow of the mortgagor, who was not a party to the oral agreement, and whose interest was extinguished when the time for redemption from the foreclosure sale expired, *held* not a necessary party to this action to enforce specific performance of the agreement.

**Evidence.**

The evidence does not show that the contract sought to be enforced was entered into for the corrupt purpose of unlawfully depriving a third party of property interests or rights.

Action in the district court for Benton county for a decree to determine that defendants, since the expiration of the period of redemption from the foreclosure sale of the mortgage mentioned in the opinion, held the premises described in trust for the benefit of plaintiffs, that defendants convey by proper deed to plaintiffs, and to recover $1,402.87 as damages. The facts and the substance of

[1] Reported in 139 N. W. 944.

the pleadings will be found in the opinion. The case was tried before Taylor, J., who made findings to the effect that plaintiffs were entitled to the ownership in fee of the undivided 8/9 of the real estate upon paying to defendant Emil $1,886.86, and· interest. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*J. D. Sullivan,* for appellant.

*Bruener & Ahles,* for respondents.

Holt, J. ·

. In 1900 George Janochosky, the father of plaintiffs and the defendant Rosa Kurr, died owning a farm of 160 acres in Benton county, this state, upon which was a mortgage of $2,200 held by Albert Wruck. Some of the plaintiffs were then minors, but an arrangement was made whereby one of them, Stephen, remained on and cultivated the farm and gave a home and care to the minors, paying $175 annually. This paid interest on the mortgage and taxes. In 1908 the mortgage was long past due, and the mortgagee, Wruck, began foreclosure proceedings by advertisement.

The defendant Emil Kurr, the husband of defendant Rosa Kurr, first observed the newspaper publication of the foreclosure notice, and called the attention of some of the plaintiffs thereto. Thereupon the children of George Janochosky and the wives and husbands of those that were married appear to have taken counsel and concluded that it would be advisable to let the foreclosure ripen into a title in the successful bidder at the sale, so as to cut out the interest of their stepmother, the widow of George Janochosky, although it is claimed that she renounced her interest in the real estate and was satisfied with her statutory allowance out of the personal property of her deceased husband. To that end, on the day preceding the foreclosure sale, the defendant Emil Kurr and one or two of plaintiffs procured Mr. Wruck, the mortgagee, to go to his attorney's office and execute a writing by which he, in case the premises were bid in by him at the sale, agreed to assign the sheriff's certificate of sale to Emil Kurr upon receipt of the purchase price, interest,

and expense in cash within one year from the date of sale. Wruck became the purchaser at the sale. Six weeks thereafter Emil Kurr paid Wruck the amount for which the sale was made, together with the interest since the sale, and procured an assignment of the sheriff's certificate.

The contention of plaintiffs is that Kurr, in what he did, acted for all the children of Janochosky; that he represented to them that he had procured the assignment for them, that nothing should be done till after the year of redemption had expired, and that, when this happened without any redemption by their stepmother, each child should receive its just share. Soon after the expiration of the time for redemption, plaintiffs requested Emil Kurr to comply with his agreement; but he refused, maintaining that the understanding was that, if any of the children desired to participate in the transaction, they should pay a proportionate part of the amount paid for the assignment before the year of redemption expired.

The court made findings of fact favorable to the theory of plaintiffs, and directed judgment that they own eight-ninths of the land, upon paying eight-ninths of the amount for which Emil Kurr obtained the sheriff's certificate, together with interest, and made provision for carrying the judgment into effect. From the order denying defendants' motion for a new trial, they appeal, and assign as errors the court's findings of fact to the effect, in substance, that defendant Emil Kurr agreed to convey to plaintiffs after the expiration of the time for redemption, the conclusion of law that plaintiffs are entitled to specific performance, the refusal of the court to find that the widow of George Janochosky was a necessary party, and that the plaintiffs are not entitled to the aid of the court in decreeing specific performance of a contract which had for its object the perpetration of a fraud upon the rights of a third party.

The findings assailed are quite lengthy, and in addition to what has already been stated concerning the purpose of plaintiffs and defendants to obtain the title to the property through the foreclosure, freed from any claim of the widow of George Janochosky thereto, are to the effect that the plaintiffs Peter and Stephen Janochosky

and defendant Emil Kurr saw the mortgagee, Albert Wruck, and procured his oral promise that, if he bid in the property, he would transfer the same to the children before payment of his claim, and that he would accept such payment and make the transfer, either before or within a reasonable time after the time to redeem had expired; that these three persons afterwards procured the writing mentioned from Wruck, prepared by his attorney, Wruck then informing them that he was willing to accept the money after the year expired, although the right to pay the money and obtain a transfer was in said writing coextensive with the time of redemption. By the efforts of said plaintiffs and the defendants who attended the sale, bidders who came there to bid in the property were induced to refrain from so doing, so as to permit Wruck to bid it in for the amount of his debt and then hold it subject to the agreement made to ultimately vest the title in the children. It is also found that it was the understanding and agreement between all of said parties that the title to the property should be acquired under and by virtue of the foreclosure sale for the equal benefit of all the children of George Janochosky, each of whom should contribute a pro rata share for the purchase thereof, and in all the transactions Emil Kurr acted for his wife Rosa, and plaintiffs so understood.

The court also found that soon after Emil Kurr had obtained the assignment of the sheriff's certificate from Wruck, and plaintiffs learned thereof, he assured them that it was so procured to carry out the understanding had, but also told them that none should share in the property unless he paid his proportionate share, and that plaintiffs all the time understood and believed that they could make such payment after the period of redemption expired, and thereby secure their respective interests in the property in accordance with their agreement.

We think the findings are so well sustained by the evidence that this court cannot interfere. In fact, there is much in the situation of the parties and their conduct as shown by the record in support of plaintiffs' contentions. Within six weeks after Emil Kurr obtained the agreement to assign the sheriff's certificate, he obtained

an assignment thereof from Wruck. He informed none of the plaintiffs of this, nor asked that they contribute any part of the money necessary therefor. Some of the plaintiffs testify that when they learned of this they inquired of Emil Kurr what it meant, and he said he took the assignment as a precautionary measure against Wruck's death, and that it was done in carrying out the understanding and agreement had between the parties, and further told them to rest till after the time for redemption expired. Shortly after this expired some of the plaintiffs saw Emil Kurr, stating that they were now ready to contribute their share, and requested Kurr to comply with the agreement. He then denied that they had any interest in the land and claimed absolute ownership of the whole thereof.

It is undoubtedly true that all of Janochosky's children planned to so arrange matters that the foreclosure should result in finally vesting in them the whole title to the land, and for that purpose the bargain with Wruck was made; the defendant Emil Kurr acting for his wife. In fact, defendant's counsel takes the position, if we understand him correctly, that the purpose in procuring the agreement to assign the certificate from Wruck was to vest the title in the children; but he insists that Emil Kurr obtained the agreement and subsequently the assignment for the benefit of those only who, within the year of redemption, should pay their proportionate share of the money paid to Wruck. So that the substantial dispute or conflict on the facts is whether the understanding was that the right of the children to participate in the title to be derived from the foreclosure depended on their paying their share of the money before or after the year of redemption expired.

It is true the writing obtained from Wruck indicates that the assignment must be procured before the redemption expired. But it was well established that Wruck was very willing to have the land go to the children, and stated that even after the expiration of the year of redemption he would accept the money. Furthermore, after Emil Kurr's concession that the agreement with Wruck was for the benefit of those who might desire to participate in the benefits of the foreclosure, it seems strange that he should so soon take

the .assignment, and take it without being urged so to do by Wruck, and without notice to plaintiffs, or any request that they furnish their share of the requisite money. These matters rather confirm the story of two of the plaintiffs that when they, after learning that Emil Kurr had obtained an assignment of the sheriff's certificate, inquired what it meant, he stated that it was but carrying out the agreement, and they should let matters rest till the redemption had expired, and, if the widow did not redeem, then the children should each receive the proper share in the land.

We see no ground for disapproving the findings made by the learned trial court, and it necessarily follows that the proposed findings contrary to those made were rightly refused.

Had we no precedent, the doubtful question in this case would be whether the facts found justified the court in holding that there was such part performance. of an oral contract to convey that specific performance should be decreed. We have here these facts: Plaintiffs had an interest in the lands in question, namely, the right of redemption, and they let this right expire in reliance on the defendant's oral promise to convey to them, if the stepmother did not redeem, their several shares upon making certain payments. We think the principle announced in Williams v. Stewart, 25 Minn. 516, is applicable and controls here. The court, speaking through Chief Justice Gilfillan, at page 519, says: "Mrs. Williams, being one of the mortgagors, and having in the property an interest which the law recognizes and will protect, had a right to redeem from the foreclosure sale. This was a valuable right, and if, as the court below has found, she refrained from exercising this right because of and relying upon the agreement to convey, until the right expired, we think it was a sufficient part performance to take the agreement out of the operation of the statute of frauds. Ryan v. Dox, 34 N. Y. 307." The oral agreement in that case was, however, deficient as to the time when some of the payments were to be made; but such defect does not exist in the present case, because the law will imply that all should be paid within a reasonable time after the year of redemption expired. The principle applied in

Williams v. Stewart, supra, is further elucidated in the cases of Brown v. Hoag, 35 Minn. 373, 29 N. W. 135, Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146, Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221, Veum v. Sheeran, 95 Minn. 315, 104 N. W. 135, and Paine v. Wilcox, 16 Wis. 202.

Although it is not found that there was an intentional fraud on the part of Emil Kurr, a legal or constructive fraud is worked on plaintiffs, if they, in reliance upon the promise that they would receive their shares in the land after the redemption expired, refrained from redeeming while the right existed. As said in Brown v. Hoag, page 377, supra: "The underlying principle is that, where one of the contracting parties has been induced or allowed to alter his situation on the faith of an oral agreement within the statute [of frauds], to such an extent that it would be a fraud on part of the other party to set up its invalidity, equity will make the case an exception to the statute."

We do not think the case at bar referable to or governed by chapter 60, R. L. 1905, relating to uses and trusts; and cases cited, such as Wentworth v. Wentworth, 2 Minn. 238 (277) 72 Am. Dec. 97, Connelly v. Sheridan, 41 Minn. 18, 42 N. W. 595, Wolford v. Farnham, 44 Minn. 159, 46 N. W. 295, Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110, and Luse v. Reed, 63 Minn. 5, 65 N. W. 91, are not in point.

It is clear that the stepmother of plaintiffs, the widow of George Janochosky, is not a necessary party; for on the theory of plaintiffs, as well as of defendants, the agreement was not made for her benefit, and she certainly had no interest in the subject-matter of the action, the land, after the year of redemption expired.

As to the claim that fraud tainted the oral agreement, because its purpose was to cut out the interest of the stepmother of plaintiffs and defendant Rosa in this land, it may be said that it ill becomes the defendants to urge the proposition, if it had any merit. But we are inclined to believe that the record furnishes no basis for the contention. For the widow to redeem or participate in a redemption may have been of questionable expediency from the viewpoint of her best interest. Her life estate in the homestead, and

one-third in the balance, made it perhaps uncertain whether to her the rights to be acquired by a redemption were worth the price. Furthermore, the evidence discloses that she desired the children to have the land, that she took what the law gave to her in the personal property of her deceased husband, that she had been married to George Janochosky for only a couple of years, and within two weeks after his death left the homestead and moved to her own farm, and never since that time—that is, since 1900—has she asserted any claim to the land or its products. We do not think the arrangement found by the court to have been made between plaintiffs and defendant Emil Kurr savors of fraud upon the stepmother of plaintiffs.

The order appealed from is affirmed.