## ELLEN HOLLAND v. B. K. OUSBYE.[1]

January 21, 1916.

Nos. 19,512—(181).

**Vendor and purchaser — performance by vendee.**

1. The evidence sustains a finding that plaintiff and defendant in 1889 entered into a verbal agreement for the sale by the former to the latter of her interest in a farm, and that defendant fully performed his part of the agreement.

**Adverse possession — finding sustained by evidence.**

2. The evidence sustains a finding that defendant was in adverse possession of the land for the statutory time. While the possession of defendant was in the beginning that of a tenant in common, and not hostile or adverse to plaintiff, the evidence sustains a finding that defendant asserted a hostile claim, brought to the notice of plaintiff, denoting his intention to hold adversely, and the statutory time has elapsed since the assertion of such claim.

Action in the district court for Dakota county for the partition of real estate of which plaintiff was alleged to be the owner of an undivided one-sixth interest. The separate answer of defendant B. K. Ousbye alleged that about the year 1890 plaintiff sold to defendant for a valuable consideration then paid to her all her right, title and interest in the land and since that date defendant had been in the sole, open, notorious and exclusive possession of the land. The case was tried before Johnson, J., who made findings and ordered judgment dismissing the action upon the merits. Plaintiff's motion to vacate the judgment and to amend the findings and conclusions of law was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*William W. Pye* and *P. H. O'Keefe,* for appellant.

*C. S. Lowell,* for respondent.

[1] Reported in 155 N. W. 1071.

Note.—As to presumption of ouster of one tenant in common from long continued undisturbed possession of another, see note in 10 L.R.A. (N.S.) 185.

BUNN, J.

Knud Knudson Ousbye, father of plaintiff and of defendants B. K. Ousbye and Knud K. Ousbye, owned in his lifetime a 320-acre farm in Dakota county. He died intestate in 1876, and his estate, including this farm, descended to his six children in equal shares, and was so assigned and vested in them by the final judgment of the probate court in 1882. Defendant B. K. Ousbye lived on the farm before his father's death, and ever since. At various times he purchased the interests of the other heirs, except those of plaintiff and of defendant Knud K. Ousbye. Plaintiff brought this action to partition the property, claiming that she owned an undivided one-sixth interest, defendant B. K. Ousbye an undivided two-thirds interest, and defendant Knud K. an undivided one-sixth interest therein. Defendant B. K. Ousbye answered, alleging that plaintiff in 1890 sold him her interest in the farm; that he paid for such interest; was put in possession thereof, and has ever since occupied the land adversely to plaintiff. The answer admitted that defendant Knud K. Ousbye owned an undivided one-sixth interest in the farm. The reply was a general denial. The issues were tried before the court without a jury and the decision was in favor of defendant B. K. Ousbye, the court finding the verbal contract as claimed by defendant; his payment of the purchase price; full performance of the contract on his part, and adverse possession, and by reason of these facts that defendant was the owner of an undivided five-sixths interest in the land, and that plaintiff has no interest therein. Judgment was entered on this decision, and plaintiff appealed therefrom to this court, after the denial of her motion to vacate the judgment and amend the findings of fact and conclusions of law so as to order a judgment for plaintiff.

The assignments of error are all directed to the sufficiency of the evidence to sustain the findings of the trial court to the effect that there was an executed parol contract between plaintiff and defendant B. K. Ousbye for the sale by the former to the latter of her one-sixth interest in the land and adverse possession for the statutory time.

Plaintiff, at the time the contract is claimed to have been made, was a married woman. Defendant B. K. Ousbye testified that in the fall of 1889 at the home of plaintiff and her husband in Northfield, and

in the presence and hearing of plaintiff, he and the husband, Edward Holland, entered into an oral agreement for the purchase of plaintiff's interest by defendant for the sum of $2,500. The evidence is abundantly sufficient to prove that during 1889, 1890 and 1891, defendant paid, partly in cash to plaintiff, partly in cash to her husband, but for the most part in live stock which was sold for him by the husband, a sum in excess of $3,000. Defendant and the Hollands never reached a settlement of the account between them, but the evidence leaves no reasonable doubt that defendant more than paid for the land. Holland died in 1900, and the evidence leaves it in some doubt as to what portion of the money paid him by defendant went to plaintiff personally. But it is clear enough that she had knowledge of her husband's dealings with her brother, and of the fact that the payments were being made, though she may not have known the details or total amount paid. It is true that the verbal agreement was not made with plaintiff directly, but, if we believe defendant's testimony, she was present and assented by her silence. Plaintiff denied the agreement, but there was evidence that she stated at different times to others that she had sold her interest in the farm to defendant for $2,500, and complained that he had not paid the full amount. Indeed her principal if not only claim as to the wrong done her by her brother is that he failed to "settle" with her for her interest. We sustain the finding that the agreement was made as stated, and that defendant fully paid the amount agreed upon.

There was no deed or conveyance in writing, and unless there was sufficient part performance of the oral agreement to take it out of the statute of frauds, or adverse possession for the statutory time, defendant has no title to the interest claimed by plaintiff.

The decision was placed on the ground of adverse possession, and not specifically on the ground of part performance, though there is a finding that defendant "in all respects performed his part of said contract." It occurs to us that it would not be difficult to sustain the view that there was sufficient part performance of the contract to take it out of the statute of frauds; while defendant did not ask specific performance of the contract, he did ask to have it adjudged that he was the owner of the interest claimed by plaintiff. As before stated,

he paid the purchase price in full, and it is clear that the right to recover these payments is long since barred by the statute of limitations. He has been in undisturbed possession ever since the contract was made; has paid all the taxes; made extensive improvements, and in all respects treated the land as his own, to the knowledge of plaintiff. To invoke the statute of frauds would work a substantial injury to defendant. The facts make a stronger case of part performance than do those in many of the decided cases. Gill v. Newell, 13 Minn. 430 (462); Brown v. Hoag, 35 Minn. 373, 29 N. W. 135; Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221; Veum v. Sheeran, 95 Minn. 315, 104 N. W. 135.

But we think the decision can be sustained on the ground it was placed by the trial court—adverse possession. It is true that defendant's possession was, in its inception and for years after, that of a tenant in common, permissive and not adverse. But, after the agreement in 1889 and the payment of the purchase price, defendant openly claimed to own plaintiff's interest. She knew that he made this claim, and, as said before, her theory was that defendant owed her money for her interest, not that he did not own it. There was undisturbed possession under this claim for more than the statutory time. Defendant paid no rent to plaintiff; treated the land as if he was the sole owner, except as to the interest of his brother; paid all the taxes; took all the crops, and expended large sums for permanent improvements, all with the knowledge of plaintiff. We adhere to the doctrine, applied in Lowry v. Tilleny, 31 Minn. 500, 18 N. W. 452; Lindley v. Groff, 37 Minn. 338, 34 N. W. 26, and other cases, that where one of two or more tenants in common enters into actual possession of the property, such possession is not to be deemed adverse as to the other tenants, until there is an ouster or the assertion of some hostile claim denoting an intention to hold adversely. But we hold that the evidence warranted the court in finding the assertion of such hostile claim by defendant in this case, brought to the notice of plaintiff, denoting his intention to hold adversely. Kelly v. Palmer, 91 Minn. 133, 97 N. W. 578. More than the statutory time has elapsed since the assertion of this claim.

The case is not altogether free from doubt and we have closely considered the evidence and the points made and argued by plaintiff. The

conclusion reached is that the evidence sustains the findings of the trial court and the judgment appealed from.

Judgment affirmed.

Schaller, J., having been of counsel, took no part.