## F. C. ATWOOD v. FRED FRYE AND ANOTHER.[1]

April 30, 1937.

No. 31,349.

W. E. Hottinger, for appellant.
B. D. Grogan, for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff met with an adverse verdict in his action in unlawful detainer to recover possession of a 240-acre farm in Blue Earth county. The appeal is from the resulting judgment.

During the year 1936 defendants were operating plaintiff's farm under a written crop-share contract. Defendants are father and son. On April 13, 1936, the son, Alfred Frye, entered into possession of the farm pursuant to conversations theretofore had with plaintiff respecting the operation of the farm during that year. A formal written lease was made bearing date April 7, but this

[1]Reported in 273 N. W. 85.

was in fact not executed by the parties until June 20, long after the tenants had put in the crop. This lease provided for sharing of crops as to small grain and corn. Plaintiff was also to receive "$4.00 per acre for each and every acre on the above described premises not put into small grain and corn." The contract further provided that possession was to begin as of March 1, 1936, and was to end the same day in 1937. Alfred duly paid the cash rent provided thereby and also paid for some 100 acres of plowing that had been done theretofore.

On August 18, 1936, both defendants called at the office of plaintiff in Mankato, and an oral agreement was reached respecting the use and occupancy of the farm during the next year. Alfred desired to do some plowing and did not want to proceed until he was sure that a new agreement could be had. As a result of that agreement, so defendants claim, Alfred proceeded to plow between 40 and 50 acres in the fall of 1936. Plaintiff knew that this was being done and made no objection thereto. In respect of the use of certain alfalfa and sweet clover land, it was agreed that under the new arrangement there should be paid for such land on the part of defendants five dollars per acre, and that the four dollars per acre for the use of pasture should remain as in the former contract. To this arrangement, so defendants testified, the parties agreed. Defendant Alfred Frye is a young man who had married a short time prior to entering into possession of this farm. His father, Fred Frye, had assisted the son in getting started and had furnished and provided him with farm implements and other items of husbandry. Provision had been made for wintering some 56 to 58 head of livestock, and the necessary feed and other provisions for livestock and poultry had been gathered together and were kept on the place.

On November 6, 1936, plaintiff wrote defendant Fred Frye as follows: "Enclosed please find original and two copies of Farm Lease which you and Alfred Frye will please sign and return to this office." At that time all the farm work had been done, and preparations as heretofore outlined had been fully completed. In

January, 1937, Alfred called at the office of plaintiff and then informed him that the lease prepared by plaintiff did not accord with the agreement they had made the preceding August. He particularly complained about the fact that the proposed written lease contained a higher rate for alfalfa and sweet clover than had been agreed upon theretofore. He also objected to a sale clause in the lease. The parties failed to come to an agreement respecting the signing of a new lease. On January 31 plaintiff wrote Alfred Frye as follows:

"You have not yet come in with the Leases which I sent you some time ago. I do not know whether you intend to rent this farm and it is getting time that something is done. Please make arrangements to be in next week if you intend to rent the farm, otherwise I will have to get another tenant."

A few days later, February 9, plaintiff again wrote Alfred Frye as follows:

"*I have sold the farm to Mr. Bert Hanson and he is planning to have his brother move onto same.* As you know, our Lease provides for a sale, possession March 1, 1937."

The latest notification given by plaintiff to defendant Alfred Frye is dated February 26, wherein he wrote as follows:

"Please take notice that you are hereby notified to vacate said premises on or before March 1, 1937, in accordance with written lease for the year 1936-37, ending March 1, 1937. *The reason for this notice in accordance with said Lease is that the farm has been sold.*" (Italics supplied.)

Defendants refused to vacate the premises, claiming the right of possession under the oral arrangement made in the preceding August. This action followed. The jury found both defendants "not guilty." Judgment was entered upon the verdict, and the present appeal was taken.

The vital question determinative of result is whether the arrangements made in August, 1936, and what subsequently fol-

lowed, are sufficient to take the case out of the statute of frauds and so sustain the verdict. We have no difficulty finding such conclusion warranted. The general rule in cases of this nature may be stated as follows:

"The principle that must control the decision of the question is stated (in accordance with all the authorities) in Brown v. Hoag, 35 Minn. 373, (29 N. W. Rep. 135), thus: 'The doctrine of part-performance rests on the ground of fraud. The underlying principle is that where one of the contracting parties has been induced or allowed to alter his situation on the faith of an oral agreement within the statute, to such an extent that it would be a fraud on the part of the other party to set up its invalidity, equity will make the case an exception to the statute.' That is, equity will not permit the statute, the purpose of which was to prevent fraud, to be used as a means of committing it." Slingerland v. Slingerland, 39 Minn. 197, 200, 39 N. W. 146, 148.

Among many other cases the following are helpful: Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221; Janochosky v. Kurr, 120 Minn. 471, 139 N. W. 944; Biddle v. Whitmore, 134 Minn. 68, 158 N. W. 808, 810; Strand v. Hand, 178 Minn. 460, 227 N. W. 656. In the case last cited the facts found sufficient to sustain a verdict for the tenant were less persuasive than those here appearing. And in the Biddle case this court said (134 Minn. 72):

"The rule of part performance, as applied to short term leases, is not so strict as when applied to contracts of sale. In some states the mere taking possession by the tenant is held a sufficient part performance; and by others the possession and payment of an instalment of rent. * * * While it is true that full compensation for the work of plowing and spreading the manure could have been had, full compensation for the loss of benefits to accrue from the occupancy of the farm another season, and the damage sustained by being thrown adrift in the early spring, and the loss of profits from crops to be raised, could not well be measured from a pecuniary point of view, and *it would be an injustice in such a case*

*to permit the party who repudiates the contract to hide behind the statute of frauds."* (Italics supplied.)

The conduct of the parties throughout speaks loudly for the truthfulness of defendants' claims and well sustains the verdict of the jury. At the trial it was made to appear that the so-called sale to Hanson was in fact not made. It had never ripened into anything even resembling a consummated deal.

The other assignments of error have been examined and found to be wanting in substantial merit.

Judgment affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.