F. W. SCHAEFER AND OTHERS v. HENRY THOENY AND ANOTHER.
HUTCHINSON COMMUNITY HOSPITAL, APPELLANT.[1]

May 14, 1937.

No. 31,213.

[1]Reported in 273 N. W. 190.

T. O. *Streissguth* and *S. P. Gislason,* for appellant.
W. W. *Merrill* and *G. P. Smith,* for respondents.

JULIUS J. OLSON, JUSTICE.

In this suit for specific performance of a stipulation, defendant Hutchinson Community Hospital alone appeals from the judgment entered in conformity with findings of the court. Henry Thoeny, administrator *de bonis non* with the will annexed of the estate of Katie Reko, deceased, while a party defendant, raised no issue as to either law or fact and is not a party to the appeal. We shall hereafter refer to appellant as the hospital.

There is no settled case or bill of exceptions. To pass upon and determine the problems involved on appeal we are necessarily limited in our field of review to the pleadings and the findings of the

court. We therefore find it necessary to state rather fully the facts found by the court.

Katie Reko died testate a resident of McLeod county. Her heirs at law are her three brothers, the plaintiffs in this cause, and the children of a deceased brother and a deceased half sister. In her will testatrix made provision for payment of specific legacies to each plaintiff, to her nephews and nieces, and others, including also the Congregational Church of Hutchinson and the hospital. To the latter was given $100 as a cash legacy, and it was also named the sole residuary legatee. When the petition for allowance of will came to be heard before the probate court one of plaintiffs, appearing in his own and also in behalf of his brothers, filed written objections to its allowance and admission to probate, claiming that decedent was at the time of the making thereof not possessed of testamentary capacity, and its execution was procured by means of undue and improper influence. The contest was instituted in good faith. Messrs. Joseph P. O'Hara of Glencoe and George F. Gage of Olivia appeared as counsel for all the beneficiaries except the church and the hospital, as to each of which Mr. Sam G. Anderson of Hutchinson appeared as counsel. Witnesses were heard, but before the contest had been concluded counsel for the parties reached an agreement of settlement providing in substance that the objections to the admission of the will should be withdrawn and the contest dismissed, in consideration for which and "in lieu and instead of the provisions in said will contained" the hospital was to be paid out of estate funds $1,500 and no more. A stipulation was accordingly executed by counsel for the parties, and this is the instrument upon which this suit is founded.

It was claimed at the trial, in behalf of the hospital, that Mr. Anderson was not authorized to enter into this settlement. The court, however, found that its officers and the members of its board of directors had knowledge of the will and of its provisions; that they had knowledge of the contest prior to the date of the hearing thereon, and one or more of the directors attended the hearing. Later and at various times the representative of the estate, pur-

suant to the stipulation of settlement, paid to the hospital $1,300 as and when the money was available thereto. He later attempted and offered to pay the remaining $200, but this offer was refused by the hospital. Ever since the settlement of the will contest by reason of the stipulation mentioned, and until the time came for winding up the estate, no one representing the hospital ever made any claim that the stipulation was not a binding and effective agreement. And the court further found that the agreement as set out in the stipulation had been performed in good faith by and in behalf of plaintiffs and those whom they represent; that the hospital and its authorized officers have "fully ratified the said agreement by acquiescence therein and their failure to repudiate the same and by acceptance of the benefits therein provided for"; and thereby it became "estopped to deny the validity of said agreement"; that plaintiffs and the heirs at law of decedent "cannot be adequately compensated by money damages and have no adequate remedy at law"; that out of the remaining cash assets of the estate the remaining balance of $200 should be paid to the hospital but that the residue of the estate, upon payment of said sum, should go to the plaintiffs and the other lawful heirs at law of decedent. All specific legacies provided for under the terms of the will have been fully paid. There remains some $600 or $800 in cash and other receivables and a residence property in Hutchinson (valued at $3,000) for distribution amongst decedent's heirs. As conclusions of law the court ordered that the hospital should, upon payment of the remaining $200, quitclaim its interest in the real estate to decedent's heirs at law and that they be adjudged sole owners of decedent's remaining estate.

█ The scope of our inquiry is, in view of the fact that there is no settled case or bill of exceptions, necessarily limited. The rule in Peach v. Reed, 87 Minn. 375, 380, 92 N. W. 229, is thus stated:

"But on an appeal from a judgment in an action tried without a jury, where there is neither a bill of exceptions, nor a settled case, the only question that can be raised is that the findings of fact by the trial judge do not support the judgment. No question as to

the sufficiency of the pleadings to support the judgment can be raised." .(Citing cases.) "The reason for the rule is that error will not be presumed, but, on the contrary, it will be presumed that competent evidence was introduced to sustain the facts found, for the finding is of equal weight with the verdict of a jury. Knoblauch v. Kronschnabel, 18 Minn. 272 (300). And further, if the facts found are not within the issues made by the pleadings, it will be presumed, the record not showing to the contrary, that such facts were litigated by consent."

In numerous subsequent cases the Reed case has been cited with approval and followed. A few citations will suffice. State ex rel. Yapp v. Chase, 165 Minn. 268, 206 N. W. 396; Union Cent. L. Ins. Co. v. Page, 190 Minn. 360, 251 N. W. 911; Elton v. Northwestern Nat. L. Ins. Co. 192 Minn. 116, 255 N. W. 857.

■ Granting defendant's claim that the stipulation when made was ineffective to bind the hospital for lack of granted authority to Mr. Anderson, who acted as its attorney, the fact remains that, as found by the court, it accepted the benefits of the stipulated agreement to the extent of $1,300 represented by partial payments commencing November 19, 1924, and the last February 25, 1926. Having accepted the benefits therefrom by virtue of its attorney's agreement, it may not now repudiate his authority. He appeared for it at the time of the will contest. The court found that its acceptance of the payments subsequently made was with full knowledge of the facts, and that it thereby became estopped from asserting invalidity of his acts. To sustain such contention now would be to make the statute of frauds an instrumentality for the frustration of the very purpose of its enactment. Many cases, here and elsewhere, sustain the conclusion reached by the court. Thus, in Slingerland v. Slingerland, 39 Minn. 197, 200, 39 N. W. 146, 148, a case in which the facts were in many respects similar to those here presented, the court said:

"The principle that must control the decision of the question is stated (in accordance with all the authorities) in Brown v. Hoag,

35 Minn. 373, (29 N. W. Rep. 135,) thus: 'The doctrine of part-performance rests on the ground of fraud. The underlying principle is that where one of the contracting parties has been induced or allowed to alter his situation on the faith of an oral agreement within the statute, to such an extent that it would be a fraud on the part of the other party to set up its invalidity, equity will make the case an exception to the statute.' That is, equity will not permit the statute, the purpose of which was to prevent fraud, to be used as a means of committing it."

The following cases are helpful: Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L. R. A. 427, 74 A. S. R. 490; Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221; Janochosky v. Kurr, 120 Minn. 471, 139 N. W. 944; Trebesch v. Trebesch, 130 Minn. 368, 153 N. W. 754; Hatlestad v. Mutual Trust L. Ins. Co. 197 Minn. 640, 268 N. W. 665.

■ Of course it is true, as claimed by defendant, that a will cannot be modified by agreement amongst the beneficiaries. But that does not estop them from contracting amongst themselves to make such disposition of their property rights thereunder as they may deem best suited to their own interests. The probate court, being without jurisdiction to enforce such contract, necessarily determines only the way the property should go to the beneficiaries under the terms of the will. So it is that resort must be had to a court of general jurisdiction to bring about the enforcement of such contracts. Rogers v. Benz, 136 Minn. 83, 161 N. W. 395, 1056. The probate court does not adjudicate upon claims of third persons against living heirs nor upon contracts made by or between them. Barnes v. Verry, 174 Minn. 173, 178, 218 N. W. 551, 553. "In the absence of fraud, undue influence or mistake, releases between coheirs of their rights in real or personal property, and agreements entered into between them for a division of the estate, are valid and will be enforced." Other cases having a bearing upon this phase are Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. R. 59; Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171; Rux

v. 'Adam, 143 Minn. 35, 172 N. W. 912; State ex rel. Nelson v. Probate Court, 199 Minn. 297, 271 N. W. 879.

■ It is next contended that there is a fatal defect of parties in that the nephews and nieces of the decedent are not parties to this proceeding. It is doubtful that the hospital is in position to urge such defect in view of the present record.

"Where there is a defect of parties plaintiff, and the objection is taken by answer, defendant is not, on the defect being shown on the trial, entitled to verdict on the merits of the action, but at most only to 'a dismissal; *and when, in such case, no motion is made to dismiss the action because of such defect, it is waived.*" (Italics supplied.) 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1934) § 7323; Mason v. St. Paul F. & M. Ins. Co. 82 Minn. 336, 85 N. W. 13, 83 A. S. R. 433.

Here, because we have no settled case or bill of exceptions, no showing appears as to whether defendant hospital made any motion to dismiss, hence no error can now be predicated upon this point. But that aside, we think it clearly appears that all of the heirs at law have a common interest in the remaining estate. It is to their mutual advantage that this contract be made effective. Clearly, if it were not for the stipulation and the contract created thereby, they would receive nothing, defendant hospital being the sole residuary beneficiary under the will. We think it is farfetched to suppose that they would do anything in the future inimical to their own interests.

Defendant's claim that it may be compelled to defend other litigation is, we think, without any real foundation. All the heirs at law, by virtue of this agreement, have gained valuable rights. The three surviving brothers of decedent have joined their interests in seeking the establishment, not only of their own rights, but likewise the rights and interests of their cotenants, the nephews and nieces. Their suit was brought by them for the common interests of all of them, claiming the right so to do by virtue of 2 Mason Minn. St. 1927, § 9165. The court was of opinion that the mentioned section was applicable to the situation. In this we agree. After all, the

question is not one of jurisdiction of the subject matter or the parties directly before the court. Plaintiffs own three-fifths of the property in dispute. Their interest is substantial and controlling. In respect of the absent nephews and nieces, the court found that they are "numerous and scattered; that the matters at issue * * * are of common and general interest to all" of them; and that "it was impracticable to bring them all before the court." The court therefore thought that "said heirs not named as parties to said action" would be proper parties but "are not necessary parties." Clearly, their interests are not adverse to those sought to be established by plaintiffs. All of them receive direct and beneficial interests as a result of plaintiffs' activity.

The extent to which equity will go to provide relief where legal remedy is wanting or inadequate is not a matter of fixed rule. Rather it rests in the sound discretion of the court. "Whether the decree will prove so useless as to lead a court to refuse to give it, is a matter of judgment to be exercised with reference to the special circumstances of each case rather than to general rules which at most are but guides to the exercise of discretion." Virginian Ry. Co. v. System Federation No. 40, 300 U. S. 515, 551, 57 S. Ct. 592, 601, 81 L. ed. 470, 480. See 20 R. C. L. pp. 669-671, §§ 9 and 10.

Defendant hospital could have moved the court under the provisions of 2 Mason Minn. St. 1927, § 9181, to have these parties brought in as additional parties. No effort so to do was made. See 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 7328, 7329.

Judgment affirmed.