**GLACIAL PLAINS COOPERATIVE,
Respondent,**

v.

**Gerald Wayne LINDGREN, Appellant.**

No. A08–0279.

Court of Appeals of Minnesota.

Jan. 27, 2009.

Amy Jo Doll, Fluegel Helseth McLaughlin Anderson & Brutlag, Morris, MN, for respondent.

Gerald W. Lindgren, Hancock, MN, pro se appellant.

Considered and decided by
KLAPHAKE, Presiding Judge;
LANSING, Judge; and WORKE, Judge.

## OPINION

KLAPHAKE, Judge.

Gerald Wayne Lindgren, appearing pro se, appeals the grant of summary judgment to respondent Glacial Plains Cooperative that awards damages on two contracts for the sale of grain. Because the agreements in question fall within the ad-

mission exception to the statute of frauds under the UCC and because we conclude that the UCC supersedes the general statute of frauds, we affirm in part and remand for further proceedings.

## FACTS

On April 20, 2006, appellant, a farmer, agreed by telephone to sell grain to respondent, a grain elevator and marketer. The parties reached four essential agreements: (1) two agreements for delivery of 9,000 and 10,000 bushels of soybeans in October or November 2006; (2) one agreement for delivery of 65,000 bushels of corn in October or November 2006; and (3) one hedge-to-arrive agreement for the sale of 30,000 bushels of corn in the fall of 2007. Respondent immediately sent out four written contracts that included these terms, but the written contracts also added a provision for payment of attorney fees and costs.

Appellant did not look at the written contracts until October. By that time, appellant had fully performed on the two soybean agreements and had partially performed on the 2006 corn agreement by delivering 724.68 bushels of corn in September. However, in October, appellant located the four written contracts and decided that he was not obligated to perform because they were unsigned. Instead, he decided to sell his existing corn, both from his field and in storage, which could have satisfied the 2006 corn agreement with respondent, to another grain dealer. Respondent covered the 2006 contract in December 2006, paying a higher price for the corn, and later covered appellant's anticipatory breach of the 2007 hedge-to-arrive corn contract.

Respondent brought an action for breach of the 2006 and 2007 corn contracts. Appellant raised the defense of statute of frauds both under Minnesota's UCC provisions and under Minnesota's general statute of frauds which requires a written contract for any agreement that by its terms cannot be performed within one year. In granting respondent's motion for summary judgment on both corn contracts, the district court concluded that appellant was a merchant within the meaning of the UCC and that the transactions fell within the merchant exception to the statute of frauds. The district court further concluded that since the parties are merchants, the UCC provision under Minn.Stat. § 336.2–207(1) dictated that the additional terms became part of the parties' contract because appellant did not object to the terms within a reasonable time and because the terms did not materially alter the contract. The district court entered judgment for respondent finding that, even though appellant did not sign the contracts, they are still enforceable against him under the UCC, and he was required to pay damages for failing to deliver the corn. The district court did not address whether appellant's documentary and in-court admissions constituted an exception to the UCC statute of frauds or whether the general statute of frauds applied.

## ISSUES

1. Do the admission exception and the merchant exception operate to eliminate the UCC statute of frauds defense to oral agreements for the sale and delivery of grain?

2. Does the UCC statute of frauds provision govern to the exclusion of the general statute of frauds provision pertaining to a contract that cannot be performed within one year?

## ANALYSIS

This court reviews a grant of summary judgment de novo to determine whether there is a disputed issue of material fact.

*Zip Sort, Inc. v. Comm'r of Revenue,* 567 N.W.2d 34, 37 (Minn.1997). A motion for summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal, the reviewing court must view the evidence in a light most favorable to the party against whom judgment was granted and resolve any doubts as to the existence of a fact issue against the nonmoving party. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

## I.

Appellant argues that the oral corn agreements are not enforceable because they violate the statute of frauds. Minnesota's version of the UCC provides that a contract for the sale of goods for the price of $500 or more is not enforceable "unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." Minn.Stat. § 336.2–201(1); *Melford Olsen Honey, Inc. v. Adee,* 452 F.3d 956, 961 (8th Cir.2006). "The primary purpose of the writing requirement in the statute of frauds is to demonstrate that a contract for sale has indeed been made." *Casazza v. Kiser,* 313 F.3d 414, 419 (8th Cir.2002). "Whether the parties have satisfied the statute of frauds is a question of law." *See Melford,* 452 F.3d at 961–62.

Respondent argues that the oral agreements fall within two UCC exceptions to the statute of frauds: the admission exception and the merchant exception. The district court did not address the admission exception but found the merchant exception applicable. The party asserting the exception has the burden of proving its application. *Casazza,* 313 F.3d at 418.

The admission exception to the code's statute of frauds is found in Minn.Stat. § 336.2–201(3)(b), which provides that even when there is no signed writing sufficient to satisfy the writing requirement, the statute of frauds will not act to abolish the contract "if the party against whom enforcement is sought admits in pleading, testimony or otherwise in court that a contract for sale was made." The exception was created to reduce the risk of fraud: "Where the making of a contract is admitted in court, no additional writing is necessary for protection against fraud, and the contract becomes enforceable notwithstanding the provisions of the statute of frauds." 73 Am.Jur.2d *Statute of Frauds* § 478 (2008). The UCC comments further explain:

> If the making of a contract is admitted in court, either in a written pleading, by stipulation or by oral statement before the court, no additional writing is necessary for protection against fraud. Under this section, it is no longer possible to admit the contract in court and still treat the Statute as a defense. However, the contract is not thus conclusively established. The admission so made by a party is itself evidential against him of the truth of the facts so admitted and of nothing more; as against the other party, it is not evidential at all.

Minn.Stat. Ann. § 336.2–201(3)(b) U.C.C. cmt., para 7 (West 2002).

Appellant has made such an admission here. During his deposition and in his summary judgment papers, appellant acknowledged that he made two oral agreements in April 2006 for the sale of corn to be delivered in 2006 and 2007, and that he operated under the assumption that he was obligated under these agreements throughout the summer of 2006.

He further admitted that he found the unsigned contracts, decided they were unenforceable, and stopped performing on the 2006 corn contract and never performed on the 2007 corn agreement. Appellant also set forth the specific terms to which the parties orally agreed in April 2006 in his opposition to summary judgment and argued that any additional terms should not be part of any agreement. Based on these admissions by appellant, we conclude that the admission exception applies here, removing the agreement from the UCC statute of frauds.

Several cases in this jurisdiction have addressed the admission exception under different scenarios. The Minnesota Supreme Court has held that in-court admissions are sufficient to defeat a claimed UCC statute of frauds defense, holding that a farmer orally admitted to entering into a contract for 10,000 bushels of corn. *Jurek v. Thompson*, 308 Minn. 191, 202, 241 N.W.2d 788, 793 (1976). The *Jurek* court did not address the merchant exception, but simply applied the admission exception. *Id.; see also Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 728 (Minn. 1985) (upholding oral modification to purchase agreement under admission exception to statute of frauds). Applying Minnesota law, the Eighth Circuit Court of Appeals found that a honey producer admitted that it contracted for 18 loads of honey and that this admission constituted an exception to the statute under Minn. Stat. § 336.2–201(3)(b). *Melford*, 452 F.3d at 961 (noting a contract otherwise within the statute may be enforced against a person who admits a contract for sale was made, but not "beyond the quantity of goods admitted"). The *Melford* court also instructed that meeting the Minnesota statute of frauds does not prove the terms of the contract; meeting the statute of frauds simply removes the defense and allows a jury to determine the issue of

whether the parties entered into an agreement and its terms. *Id.* at 961–62.

Cases from other jurisdictions have also applied the admission exception in facts similar to those presented here. In *Cargill Inc., Commodity Mktg. Div. v. Hale*, 537 S.W.2d 667 (Mo.App.1976), a plaintiff-elevator sued defendant-farmer for breach of contract to sell 9,000 bushels of soybeans. Because the business was transacted via telephone and followed up by written confirmation, defendant, as in the instant case, raised the statute of frauds as a defense. The Missouri Court of Appeals held that the defendant's testimony acknowledging the original oral agreement constituted an admission for the purposes of application of the statute of frauds. *Id.* at 669; *see also Lewis v. Hughes*, 276 Md. 247, 251–52, 346 A.2d 231, 233–34 (Md. App.1975) (holding that defendant's testimony, taken as a whole, clearly manifested an objective assent to a purchase offer, and that the parties disagreed only on the method of payment, not on the existence of an agreement); *Quad County Grain, Inc. v. Poe*, 202 N.W.2d 118, 119, 120 (Iowa 1972) (finding defendant's testimony as adverse witness was admission taking an oral contract for the sale of stored corn out of the statute of frauds).

Because the admission exception removes the UCC statute of frauds defense under the facts of this case, we decline to address whether the merchant exception also applies. *See Cargill*, 537 S.W.2d at 669 (choosing not to discuss whether a farmer was a merchant under the UCC because the admission exception disposed of the central issue on appeal).

**II.**

Appellant also argues that the hedge-to-arrive agreement for delivery of corn in 2007 was unenforceable under Minnesota's

general statute of frauds, Minn. Stat. § 513.01 (2008), which requires every agreement that by its terms cannot be performed within one year be in writing and subscribed by the party charged. The hedge-to-arrive agreement entered into in April 2006 for the delivery of corn in the fall of 2007 could not be performed within one year, although it could be rolled forward for delivery on a later date. The question presented, then, is whether the UCC statute of frauds provision, section 336.2–201, exclusively governs agreements for the sale of goods or whether the general statute of frauds, section 531.01, also applies.

When two statutes conflict, the Minnesota legislature directs that the more specific provision controls over the general. Minn. Stat. § 645.26, subd. 1 (2008) (stating "[w]hen a general provision in a law is in conflict with a special provision in ... another law, ... the special provision shall prevail and shall be construed as an exception to the general provision"). Section 336.2–201 is a special legislative attempt to tailor the enforcement and exceptions of the statute of frauds to the unique characteristics of a transaction for the sale of goods. Conversely, Minn.Stat. § 531.01 is the "general" statute of frauds provision historically encompassing a wide variety of contractual obligations. Because of Minnesota's policy of interpreting special statutes as exceptions to more general provisions, and because the transactions in question fall squarely within the scope of the sale of goods provisions of the UCC, the oral agreements need only satisfy the requirements of section 336.2–201. *See generally,* 2 Lary Lawrence, Lawrence's Anderson on the Uniform Commercial Code § 2–201:17 at 331, 2–201:78 at 361 (3d ed.2004) (noting that UCC "governs the sale of goods to the exclusion of a general statute of frauds").

This interpretation is consistent with the generally stated purpose behind the statute of frauds. *See Lunning v. Land O'Lakes,* 303 N.W.2d 452, 457 (Minn. 1980) (concluding when application of statute of frauds will protect, rather than prevent, fraud, equity requires that doctrine of equitable estoppel be applied); *Doyle v. Wohlrabe,* 243 Minn. 107, 66 N.W.2d 757, 761 (1954) (stating that basic purpose of statute of frauds is to provide reasonable safeguards to insure honest dealing and it may not be used as an instrument of fraud); *Schaefer v. Thoeny,* 199 Minn. 610, 614–15, 273 N.W. 190, 193 (1937) (holding that equity will not permit statute of frauds to be used as means of committing fraud, since purpose of statute is to prevent fraud). Based on the specific facts of this case, we conclude that the UCC provisions governing application of the statute of frauds control.

## DECISION

We affirm the district court's decision with respect to denial of appellant's statute of frauds defense and remand for further proceedings. *See Melford,* 452 F.3d at 964 (meeting the statute of frauds does not prove the terms of the contract but merely allows a fact-finder to determine the issue).

**Affirmed in part and remanded.**